11-628-ag
Chen v. Holder

BIA
LaForest, IJ
A088 533 169
A088 533 170

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of May, two thousand twelve.

PRESENT:
>    JON O. NEWMAN,
>    ROBERT A. KATZMANN,
>    SUSAN L. CARNEY,
>        *Circuit Judges*.

_____

HUIRONG CHEN, FA QIN SUN,
>    *Petitioners*,

>        v.                                    11-628-ag
>                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent*.

_____

FOR PETITIONERS:        Andy Wong, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Alison Marie Igoe, Senior
                        Litigation Counsel; Glen T. Jaeger,
                        Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the Petitioners' petition for review is DENIED.

Huirong Chen and Fa Qin Sun, natives and citizens of China, seek review of a January 28, 2011 decision of the BIA affirming the January 7, 2009 decision of an immigration judge ("IJ") denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huirong Chen and Fa Qin Sun*, Nos. A088 533 169/170 (B.I.A. Jan. 28, 2011), *aff'g* Nos. A088 533 169/170 (Immig. Ct. N.Y. City Jan. 7, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision.

We have reviewed the IJ's opinion as supplemented and modified by the BIA's decision, excluding the portions of the IJ's decision not relied upon by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007). On appeal to the BIA, petitioners failed to challenge the IJ's denial of

2

relief sought by Petitioners based on Chen's Christian faith or political activities in the United States.  Accordingly, we address only the denial of relief requested based on Chen's claim that she suffered a forced abortion.  *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004).

We conclude that the agency's adverse credibility determination is supported by substantial evidence and is dispositive.  We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).  For asylum applications governed by the REAL ID Act, such as this one, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

On several occasions, Chen gave non-responsive answers to key questions, and several questions had to be repeated

numerous times before she gave a responsive answer.[1]  We give particular deference to an IJ's observations regarding an applicant's demeanor.  *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).  The demeanor finding in this case was supported by multiple specific instances of non-responsive testimony.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

Petitioner's argument that her lack of education explains her non-responsive answers is not persuasive.  The questions asked of her were about her own personal experiences.  Further, there was no evidence to support her passing assertion that she may suffer from mental retardation.  We will not overturn an adverse credibility finding absent record evidence that compels reversal, *Majidi*, 430 F.3d at 79-80, and this record is barren of such evidence.

Further, although Petitioner argues that the agency erred in applying the adverse credibility finding it made regarding Petitioner's religious and political activity

---

[1] We address only those findings affirmed by the BIA and do not reach the finding that the BIA expressly declined to address, *i.e.*, the finding related to Chen's testimony regarding the type of abortion she underwent. *See Xue Hong Yang*, 426 F.3d at 522.

claims to her forced abortion claim, this Court has held that "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

We also find no error in the agency's finding that Chen's failure to supply corroboration of her claims supported the adverse credibility determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). The decision to afford the letter from Chen's mother limited weight was likewise within the agency's discretion. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Further, Chen's argument that the BIA improperly applied a *de novo* standard of review to the IJ's fact-finding is without merit, as the BIA expressly applied the proper "clearly erroneous" standard set forth in 8 C.F.R. § 1003.1(d)(3)(i).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk